UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YVONNE L. YOUNG,

                    Plaintiff,

v.                                                  Case No. 18-CV-432-JPS

MILLIPORESIGMA,                                  **ORDER**

                    Defendant.

Plaintiff Yvonne L. Young ("Young"), proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

On the question of indigence, although Young need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Young's motion states that she is unemployed, unmarried, and has two dependent children. (Docket #2 at 1). Her income includes about $1,480 per month in unemployment benefits and about $390 per month for child support. *Id.* at 2. Her monthly expenses total $1,300. *Id.* at 2–3. Her assets include a car worth approximately $9,000 and a bank

account holding $60. *Id.* at 3. In light of these representations, the Court finds that Young is indigent for purpose of prepaying the filing fee. She will be granted leave to proceed *in forma pauperis*.

However, notwithstanding the payment of any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).

Young alleges that she was employed by MilliporeSigma in Wisconsin from 2012 through 2017. (Docket #1 at 4). In July 2017, she notified the human resources department that she was experiencing workplace harassment. *Id.* at 2–3. Specifically, she complained that her supervisor, Andrea Braelick ("Braelick"), had emotionally abused her and it caused her to require medical care. *Id.* at 2. She also complained that she had been discriminated against based on her disability (though she does not describe the disability). *Id.* at 2, 4. Then, on August 30, 2017, Young alleges that MilliporeSigma fired her in retaliation for having complained

to human resources. *Id.* at 4. As a result of her termination, Young claims she has suffered lost wages, depression, and humiliation. *Id.*

Young's allegations do not state any viable claims for relief. She does not state under which statute or law she believes her claim arises but, based on her charges of retaliation and disability discrimination, she may believe her claim arises under either Title VII of the Civil Rights Act of 1964 ("Title VII") or the Americans with Disabilities Act ("ADA").

Title VII forbids an employer from discriminating against an individual "because of [his or her] race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a)(1). Title VII also forbids an employer from punishing an employee for complaining about discriminatory treatment in the workplace. *Id.* § 2000e–3(a). To plead a retaliation claim under Title VII, a plaintiff must allege that an adverse employment action was taken against her because she complained about an act that she "believed in good faith . . . violated Title VII." *Firestine v. Parkview Health Sys., Inc.*, 388 F.3d 229, 234 (7th Cir. 2004) (quotation omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013).

It is clear from Young's allegations that she suffered an adverse employment action by being discharged, and that she believes her discharge was due to her having reported her supervisor's harassment to MilliporeSigma. But Young does not allege that the harassment she reported had anything to do with her race, color, religion, sex, or national origin. Young alleges only that Braelick treated her badly. She therefore states no claim under Title VII.

The ADA forbids an employer from firing an employee because she is disabled and from failing to reasonably accommodate an employee's known physical limitations. 42 U.S.C. §§ 12112(a), (b)(5)(A). The ADA

defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). To state a claim under the ADA, a plaintiff must allege that she is disabled within the meaning of the ADA, she is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and she has suffered an adverse employment action because of her disability. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). A plaintiff must allege her "specific disability" because "the defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify [her] disability." *Id.* at 345–46.

Young alleges that she told MilliporeSigma's human resources department that she had been discriminated against based on her disability, but she does not allege what her disability is. Without this basic piece of information, Young does not present a valid ADA claim.

The Court must, therefore, strike the current complaint, but it will afford Young an opportunity to submit an amended complaint correcting the above-described defects. If Young wants to proceed, she must file an amended complaint on or before **June 29, 2018**. Failure to file an amended complaint within this time period may result in dismissal of this action. Young is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Young is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda*

v. *Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **STRICKEN**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on or before **June 29, 2018**.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge