# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| YVONNE L. YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> MILLIPORESIGMA, <br><br> Defendant. | Case No. 18-CV-432-JPS <br><br> **ORDER** |

On June 8, 2018, the Court screened Plaintiff Yvonne L. Young's ("Young") original complaint. (Docket #5). The Court found that Young had not stated any viable claims for relief. *Id.* It struck the original complaint and allowed Young until June 29, 2018 to file an amended pleading. *Id.* Young did so on that date. (Docket #6). The Court must now screen the amended complaint. The same pleading standards discussed in the prior screening order, (Docket #5 at 2), apply here.

The allegations of the amended complaint are more extensive, but less cogent, than those of the original complaint. Nevertheless, the allegations remain similar in substance. Young was employed by MilliporeSigma from 2012 to 2017. (Docket #6 at 8–9). She claims to have become disabled in 2015 "due to [a]nxiety and a [d]epression disorder and being in a car accident[.]" *Id.* at 2. This resulted in Young taking time off through the Family Medical Leave Act ("FMLA") to obtain treatment, and to deal with the symptoms of those disabilities. *Id.* at 2, 9. Young asserts that her supervisor, Andrea Braelick ("Braelick"), engaged in various forms of harassment and abuse in retaliation for this use of FMLA leave. *Id.* at 2–10.

Young complained about Braelick's conduct to various other management personnel to no avail. *Id.* Young was eventually fired in August 2017. *Id.* at 9–10. She says this was "due to retaliation for bring[ing] forth information about harassment and discrimination due to my mental and physical limitations." *Id.* at 10.

In light of the extremely low bar applied to pleadings at the screening stage, the Court will permit Young to proceed on three claims. As noted in the prior screening order, the ADA forbids an employer from firing an employee because she is disabled and from failing to reasonably accommodate an employee's known physical limitations. 42 U.S.C. §§ 12112(a), (b)(5)(A). To state a claim under the ADA, a plaintiff must allege that she is disabled within the meaning of the ADA, she is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and she has suffered an adverse employment action because of her disability. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). Young plausibly alleges, or it may be inferred from her allegations, that she is disabled, was performing her job adequately, and was fired because of her disability.[1]

Young may also proceed on two claims of retaliation. Both the ADA and the FMLA contain anti-retaliation provisions. *Freelain v. Vill. of Oak Park*, 888 F.3d 895, 900 (7th Cir. 2018). Proof of the claims is essentially identical; the subject employee must show that "(1) the employee engaged

---

[1] Young may not proceed on a claim pursuant Title VII, because she does not allege that she was discriminated against based on membership in a protected class. 42 U.S.C. § 2000e–2(a)(1). Young also cannot pursue an FMLA claim because she does not assert that she was denied any FMLA leave, only that taking such leave resulted in retaliation. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1062 (7th Cir. 2014).

in statutorily protected activity; (2) the employer took adverse action against the employee; and (3) the protected activity caused the adverse action." *Id.* at 901. Young's allegations suggest the presence of each element. She states that she took FMLA leave to care for her disability. Braelick then retaliated against her for doing so, as well as for complaining about that harassment to upper management. Finally, Young was fired and claims that Braelick's conduct severely affected her workplace environment.

To be sure, the conduct of which Young complains does not strike the Court as terribly severe, particularly as weighed against the standards for assessing what constitutes an adverse employment action. Still, the Court finds it most prudent to allow Young to proceed and leave it to Defendant to raise any procedural and substantive issues with the claims as it sees fit.

Finally, Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal if a plaintiff is authorized, as she is in this case, to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). However, Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within fourteen days, whether she desires service by the U.S. Marshal or whether she will obtain service on Defendant of her own

accord. If Plaintiff wants to effect service herself, she should simultaneously file a request for the Clerk of the Court to issue a service packet to her.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file, within fourteen days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge