# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| YVONNE L. YOUNG<br><br>                  Plaintiff,<br><br>v.<br><br>MILLIPORESIGMA,<br><br>                  Defendant. | Case No. 18-CV-432-JPS<br><br>**ORDER** |

       On November 16, 2018, Plaintiff filed a motion for appointment of counsel. (Docket #6). As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel."

       The Seventh Circuit teaches that a district court should seek counsel to represent a litigant if she: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

       Preliminarily, the Court makes a few observations about the forces underlying Plaintiff's request. First, despite the generosity of local attorneys in offering *pro bono* services, there are never enough volunteers to match the volume of requests for appointed counsel. Thus, it becomes nearly

impossible for the Court to locate lawyers willing and able to take *pro se* cases by appointment. Second, the Court is bound by Congress' instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Allowing continual extensions of the Court's trial schedule to accommodate a desire for counsel contravenes this directive. Finally, in light of these issues, a plaintiff must offer reasons why counsel should be appointed that are not common to many other *pro se* litigants. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014).

Returning to the *Pruitt* test, the Court finds that Plaintiff has not satisfied the first element. She claims in her letter to have talked with a "number of attorneys" but she does not provide any proof of her correspondence (*i.e.* copies of the letters she sent to those attorneys, dates on which she contacted them, their names, their law firms, etcetera). She also does not indicate whether she asked any attorney to represent her *pro bono*; she only indicates that she cannot afford a lawyer's fee. In short, Plaintiff has not proven to the Court's satisfaction that she has made reasonable efforts to secure counsel for herself.

Further, although Plaintiff does not assert that this case is too complex for her to adequately present, even if she had, the Court would not agree. Plaintiff appears to have adequate knowledge of the facts underlying her claims. The legal aspects of the claims are also not overly complex when compared to other areas of law; employment claims are generally much

more fact-driven than other claims. While it may be true that a lawyer would do a better job of presenting her case than Plaintiff can, the Seventh Circuit has rejected this as a reason for appointment of counsel. *Pruitt*, 503 F.3d at 655.

In light of the foregoing, the Court will deny Plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge