IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

YVONNE L. YOUNG,

    Plaintiff,

vs.

MILLIPORESIGMA,

    Defendant.

Case No. 18-CV-00432-JPS

## DEFENDANT'S PROPOSED DISCOVERY PLAN

Comes now Defendant Aldrich Chemical Co. LLC ("Defendant")[1] and submits the following Proposed Discovery Plan in accordance with the Court's November 14, 2018 Notice and Rule 26(f)(3) of the Federal Rules of Civil Procedure.

Plaintiff Yvonne L. Young and Travis R. Kearbey, counsel for Defendant, conferred on Monday, November 26, 2018, regarding a Proposed Discovery Plan. The parties were unable to reach an agreement on some aspects of a proposed scheduling plan for the Court's consideration. Defendant's counsel presented to Plaintiff for her consideration the proposed dates set out below, and Plaintiff agreed to each of the proposed terms set out below with the exception of the following items:

- Section 26(f)(3)(B) (addressing Rule 35 requests for medical examinations and proposing a discovery deadline);
- Section 26(f)(3)(C) (addressing electronically-stored information);
- Section 26(f)(3)(D) (addressing the manner in which privilege should be asserted); and
- Section 26(f)(3)(F)(5) (proposing a trial date).

---

[1] "MilliporeSigma" is not a separate legal entity, but rather the trade name under which Aldrich Chemical Co. LLC conducts business.

12301488.10

Defendant's counsel requested Plaintiff propose alternatives to the items on which the parties could not agree. Plaintiff did not provide Defendant's counsel with any such proposals and indicated, instead, that she plans to submit her own proposals to the Court with respect to the items on which the parties could not agree.

### **DEFENDANT'S PROPOSED RULE 26(f)(3) DISCOVERY PLAN**

A) Defendant proposes the following modifications to remaining disclosure requirements of Rule 26(1):

1. <u>Initial Disclosures</u>. Defendant served its initial disclosures required by Rule 26(a)(1) on November 21, 2018. To date, Plaintiff has not served Defendant with any initial disclosures. The parties agree that Plaintiff will serve the initial disclosures required by Rule 26(a)(1) by **January 2, 2019.**

2. <u>Expert Witness Disclosures</u>. The parties agree that Plaintiff shall make any Rule 26(a)(2) expert witness disclosure(s), including the provision of any report required by Rule 26(a)(2)(B), by **February 27, 2019.** Plaintiff's expert witness(es) will be made available for deposition, and Defendant will complete the taking of the deposition of Plaintiff's expert witness(es), by **April 17, 2019**. Defendant shall make any Rule 26(a)(2) expert witness disclosure(s), including the provision of any report required by Rule 26(a)(2)(B), by **April 24, 2019.** Defendant's expert witness(es) will be made available for deposition, and Plaintiff will complete the taking of the deposition of Plaintiff's expert witness(es), by **June 11, 2019**.

3. <u>Pretrial Disclosures</u>. Defendant proposes that the parties shall make the disclosures required by Rule 26(a)(3)(A) fourteen (14) days prior to the first day of trial.

B) Defendant submits the following with respect to the scope of discovery.

2
12301488.10
Case 2:18-cv-00432-JPS   Filed 11/27/18   Page 2 of 6   Document 20

1. The parties agree that discovery should not be conducted in phases or limited to certain issues.

2. <u>Rule 35 Examinations</u>. The parties have not yet determined whether any request for physical or mental examinations pursuant to Fed. R. Civ. P. 35 will be made. Should either party make a request for a physical or mental examination, Defendant proposes that such request shall be made by **January 28, 2019**.

3. <u>Discovery Completion Deadline</u>. The parties agree that consistent with Civil L. R. 26, any written discovery shall be served by a date that allows the served party the full thirty (30) days as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery completion date. Defendant proposes that all discovery be completed by **June 19, 2019**.

C) Defendant proposes that electronically-stored information ("ESI") will not be produced unless the requesting party expressly requests the production of ESI. Unless the requesting party specifies the form of ESI that it is seeking, the parties agree that the responding party will use .PDF or .TIFF formats, which are reasonably usable by both sides.

D) Defendant proposes that to the extent either party wishes to assert privilege in response to a discovery request, that party shall set forth its or her privilege assertion expressly in the party's relevant written discovery response in sufficient detail to permit the opposing party to assess the legitimacy of the assertion(s). Furthermore, the parties agree that to ensure the confidential treatment of certain sensitive information in this case, prior to the production of any documents, the parties will seek entry of a protective order limiting the use of all documents produced in connection with the instant case to the litigation of the instant case, and mandating that each party will destroy all documents produced to it by the opposing party following the final appeal of the instant case.

E) <u>Limitations on Discovery</u>. The parties agree that, without leave of this Court or written consent from the opposing party, each shall be free to take up to eight (8) depositions.[2] The parties further agree that, without leave of this court or written consent from the opposing party, each shall be free to serve up to twenty-five (25) interrogatories as provided for in Civil L. R. 33.

F) Defendant proposes that the following additional deadlines be included in any case discovery or case scheduling plan that may be entered by the Court:

1. The parties agree that any motion to join additional parties or to amend pleadings will be filed on or before **December 17, 2018**.

2. The parties believe this case is suitable for alternative dispute resolution ("ADR"). The case shall be referred to ADR by **May 22, 2019**, and that any ADR efforts shall be completed by **July 29, 2019**.

3. The parties agree that all motions to compel or motions concerning any other discovery matter shall be filed with the Court no later than two (2) weeks after the discovery deadline.

4. The parties agree that any dispositive motions will be filed with the clerk on or before **July 17, 2019**. Any memorandum in opposition to a motion for summary judgment will be filed with the clerk twenty-one (21) days later—on **August 7, 2019**, if the motion for summary judgment is filed on the dispositive motion deadline—and any reply brief shall be filed with the Clerk seven (7) days after the memorandum in opposition is filed—on **August 14, 2019**, if the memorandum in opposition is filed on **August 7, 2019**.

---

[2] Defendant proposed a limit of four (4) depositions; Plaintiff countered with a proposed limit of eight (8) depositions; Defendant agreed to Plaintiff's counterproposal of eight (8) depositions.

5. The parties believe the estimated length of time to try the case to verdict is approximately three to four (3-4) days. Defendant believes that the date by which this case should be reasonably ready for trial is **October 28, 2019**.

The parties are unaware of any other matter to be included in the Discovery Plan.

Dated: November 27, 2018

        Respectfully submitted,

        **BRYAN CAVE LEIGHTON PAISNER LLP**

        By: */s/ Travis R. Kearbey*
            Travis R. Kearbey
            One Metropolitan Square
            211 North Broadway, Suite 3600
            St. Louis, MO 63102-2750
            Tel: (314) 259-2000
            Fax: (314) 259-2020
            E-mail: travis.kearbey@bclplaw.com

**Attorney for Defendant**
**Aldrich Chemical Co. LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served via the Court's electronic filing system on this 27th day of November, 2018, and a hard copy will be served via U.S. Mail on the 28th day of November 2018 to the following:

    Yvonne L. Young
    7830 W. Palmetto Avenue
    Milwaukee, WI 53218
    *Pro Se* **Plaintiff**

        */s/ Travis R. Kearbey*

6