# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| YVONNE L. YOUNG,<br><br>      Plaintiff,<br><br>v.<br><br>ALDRICH CHEMICAL CO. LLC,<br><br>      Defendant. | Case No. 18-CV-432-JPS<br><br>**ORDER** |

  Plaintiff was allowed to proceed on claims for wrongful termination, in violation of the Americans with Disabilities Act ("ADA"), and for retaliation under the ADA and the Family Medical Leave Act ("FMLA"), relating to her former employment with Defendant.[1] Defendant filed a motion for summary judgment on June 14, 2019. (Docket #25). Along with the motion, Defendant filed a supporting statement of facts. (Docket #26-1).

  According to that statement, the facts are as follows. During her time with Defendant, Plaintiff did not get along well with her supervisor, Andrea Bralick ("Bralick"). Things came to a head on August 30, 2017, when Plaintiff sent an e-mail to Bralick criticizing her communication and leadership skills. Plaintiff then had a meeting with a higher-level supervisor about Plaintiff's behavior. She clocked out of work after the meeting and never returned. After Plaintiff missed three days of work, Defendant sent

---

[1] In her complaint, Plaintiff identifies Defendant as "Milliporesigma." (Docket #6 at 1). Defendant explains that this is a trade name for Aldrich Chemical Co. LLC, which was Plaintiff's true employer. The Court will substitute Defendant's proper name into the case caption.

her a letter informing her that she had been terminated. This was consistent with Defendant's no-call, no-show policy, of which Plaintiff was aware.

As to Plaintiff's disability-related issues, Defendant notes that she was granted multiple leaves of absence. Indeed, she was never denied any request for leave while she was employed with Defendant. Defendant further states that it accommodated all of her medical restrictions. Though Plaintiff contends that all of her problems stemmed from Bralick, she conceded in her deposition that Bralick never made a negative comment about Plaintiff's leaves of absence. Also in her deposition, Plaintiff affirmatively stated that she was fired because of her August 30 e-mail.

Defendant contends that these facts warrant judgment in its favor on all of Plaintiff's claims. Plaintiff cannot prove her ADA claim because, *inter alia*, the reason she was fired was her absences, having nothing to do with her disability. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (Plaintiff must show that her "race, ethnicity, sex, religion, or other proscribed factor *caused* the discharge or other adverse employment action.") (emphasis added). As to the retaliation claims, Defendant argues that Plaintiff was not meeting Defendant's expectations—a required element of the claims—because she simply walked out and never came back.

On June 21, 2019, Plaintiff filed a two-page affidavit which appears to be responsive to Defendant's motion. (Docket #27). Therein, she offers a few statements about evidence and factual issues. *Id.* The affidavit contains no citations of any kind or meaningful responses to Defendant's legal or factual arguments. *Id.* Most importantly, Plaintiff entirely failed to respond to Defendant's statement of facts in a manner that complies with the applicable procedural rules. Federal Rule of Civil Procedure 56 and Civil

Local Rule 56 describe in detail the form and contents of a proper summary judgment submission. In particular, they state that a party opposing a summary judgment motion must file

> (B) a concise response to the moving party's statement of facts that must contain:
>
> > (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]

Civ. L. R. 56(b)(2)(B)(i); *see* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record[.]").

Rather than comply with this rule, Plaintiff merely requests that the Court "go over all the evidence I have submitted to support my truth." (Docket #27 at 2). The Court can do no such thing. Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as her lawyer, and it cannot delve through the record to find favorable evidence for her. Even if such relevant and favorable evidence could be located in the record, the Court cannot compile that evidence for her and construct legal or factual arguments on her behalf. In other words, the Court cannot abandon its role as a neutral decisionmaker and become an advocate for one party.[2]

---

[2] On July 15, 2019, after Defendant had already submitted its reply in support of its motion, Plaintiff filed a "reply" of her own. (Docket #29). This filing was improper and in contravention of the applicable rules of procedure. *See* Civ. L. R. 7, 56(b). Even if the Court saw fit to consider the document, it changes nothing. Plaintiff's "reply" is a narrative response to Defendant's reply brief, lacking any citation to law or evidence, and appending a collection of exhibits. It suffers all of the same infirmities as Plaintiff's responsive affidavit.

Plaintiff's non-compliance with the procedural rules is unacceptable. By filing her lawsuit, she agreed to become familiar with those rules and agreed to be bound by them. Indeed, she was twice provided a copy of the rules applicable to summary judgment proceedings: once by the Court, (Docket #22), and once by Defendant along with its motion, (Docket #25-1, #25-2, and #25-3). Despite being repeatedly warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendant's proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Thus, the Court deems Defendant's facts undisputed for purposes of deciding Defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

Based on the undisputed facts presented by Defendant, and without legal argument to the contrary from Plaintiff, summary judgment is clearly appropriate in Defendant's favor. The Court will, therefore, dismiss each of Plaintiff's claims, and this action generally, with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #25) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge